UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| UNITED STATES OF AMERICA, | Criminal No. |
|---|---|
| Plaintiff, | 2:17cr00031 (MCA)(SCM) |
| v. | **OPINION ON MOTION FOR RECONSIDERATION OF DETENTION ORDER** |
| BRIAN DAY, | |
| Defendant. | [D.E. 20] |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant Brian Day's motion for reconsideration of the detention order and to set a bond on his proposed terms of release.[1] The Government opposed the motion,[2] and Mr. Day replied.[3] I have authority and jurisdiction over this motion because magistrate judges are authorized to "issue orders" "concerning release or detention of persons pending trial" pursuant the Bail Reform Act.[4] This letter opinion supplements my August 11, 2017, decision to impose an order for detention and addresses Mr. Day's present motion. For the reasons stated herein, the

---

[1] (ECF Docket Entry No. ("D.E.") 20, Def.'s Mot. for Reconsideration). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 21, Pl.'s Opp'n).

[3] (D.E. 22, Def.'s Reply).

[4] 28 U.S.C. § 636(a)(2); 18 U.S.C. § 3141; *United States v. Maull*, 773 F.2d 1479, 1491 (8th Cir. 1985)(noting that magistrate judges have release and detention authority).

Court **DENIES** the motion for reconsideration and prescribes the least restrictive conditions of release that will reasonably assure Mr. Day's appearance.

## I. BACKGROUND AND PROCEDURAL HISTORY[5]

On February 1, 2017, Mr. Day was charged by Indictment in this District with four counts of bank fraud and four counts of aiding and assisting in the filing of false tax returns.[6] The Indictment alleges that Mr. Day charged clients to prepare individual income tax returns, and then fabricated and inflated expenses and deductions in order to obtain refunds for his clients in amounts greater than those to which they were entitled.[7]

As to the bank fraud counts, the Indictment alleges that Mr. Day directed his clients to give him checks made payable to the Internal Revenue Service ("IRS") to resolve purported tax liabilities.[8] Mr. Day would then alter those checks to appear payable to his tax preparation business and then deposited those checks into his business bank account, without making any payment to the IRS on behalf of his clients.[9]

Mr. Day's initial appearance on these charges was on February 2, 2017, and he consented to detention with the right to make a bail application at a later time.[10]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only.

[6] (D.E. 1, Indictment).

[7] (D.E. 1, Indictment, at ¶ 1-3).

[8] (D.E. 1. Indictment, at ¶ 7).

[9] *Id.*

[10] (D.E. 3, Arrest Warrant; D.E. 4, Initial Appearance). Although Mr. Day now disputes whether he consented to detention, a review of his February 2, 2017, initial appearance before the Hon. Mark Falk, U.S.M.J., reveals that Mr. Day was present and represented by counsel. Mr. Day's

On August 11, 2017, Mr. Day filed a motion for bail.[11] The Court held a hearing on August 16, 2017, and Mr. Day appeared *pro se* with stand-by counsel from the Federal Public Defender's Office.[12] Mr. Day proposed release on the following conditions:

> 1. A $150,000.00 Bond, secured by the signatures of Four (4) financially responsible parties including family members; and one property belonging to the Defendant that holds equity in the excess amount of $175,000.00.
>
> 2. The Assurance that the Defendant will continue to reside at his home with his Wife and Children in Port Murray.[13]

The names of Mr. Day's proposed co-signors were provided to Pretrial Services, and Pretrial Services determined that the referenced property in Port Murray, New Jersey "belonging to the Defendant," was actually deeded to P.T.S. Financial Services, LLC, in 2012.

The Court took judicial notice of the Pretrial Services Report, considered the arguments for and against detention, and considered the factors relevant to pretrial detention.[14] First, the Court considered the nature and circumstances of the offenses charged- four counts of bank fraud and four counts of aiding and assisting in the filing of false tax returns.[15] These are not crimes for which there is a presumption of dangerousness[16] and the Government did not argue that Mr. Day's

---

attorney advised the Court that she and Mr. Day did not oppose detention, provided that he may request a bail hearing on short notice.

[11] (D.E. 17, Mot. for Bond).

[12] (D.E. 18, Bond Hearing; D.E. 19, Order Denying Mot. for Bond).

[13] (D.E. 17, Mot. for Bond, at 7).

[14] *See* 18 U.S.C. § 3142(g)(listing factors for consideration).

[15] *See* (D.E. 1, Indictment at ¶ 1-11).

[16] *See* 18 U.S.C. § 3142(g)(1)(listing dangerous crimes).

release would pose a danger to any person or the community.[17] At the August, 16, 2017, hearing, the Government did, however, emphasize that Mr. Day deceived many of his clients, some of whom were elderly members of the community, and caused them to suffer substantial pecuniary losses.

If convicted on the four counts of aiding and assisting in the filing of false tax returns, Mr. Day faces a maximum sentence of three years in prison, a maximum fine of $100,000.00 or two times the pecuniary gain or loss, and one year of supervised release for each of these counts.[18] If convicted on the four counts of bank fraud, Mr. Day faces a maximum sentence of thirty years in prison, a maximum fine of $1,000,000.00 or two times the pecuniary gain or loss, and three years of supervised release for each count of bank fraud.[19]

Second, the Court considered the weight of the evidence against Mr. Day and finds that the weight of the evidence against Mr. Day is strong. The Court infers from the Indictment that the Government is in possession of the false tax returns allegedly prepared by Mr. Day.[20] Similarly, as to the bank fraud counts, the Court infers that the Government is in possession of the altered checks and bank records, which may show that Mr. Day altered checks from his clients and then deposited those checks into his business bank account.[21] Presumably, these checks would also readily identify Mr. Day's alleged victims, who may later be called as witnesses. Further, the

---

[17] *See United States v. Perry*, 788 F.2d 100, 108 (3d Cir. 1986).

[18] 26 U.S.C. § 7206.

[19] 18 U.S.C. § 1344.

[20] (D.E. 1, Indictment, at ¶ 1-3).

[21] (D.E. 1, Indictment, at ¶ 4-11).

Government is in possession of letters, allegedly prepared by Mr. Day and presented to his clients, falsely confirming that the IRS received his client's payments. [22]

Third, the Court considered Mr. Day's history and characteristics.[23] Mr. Day has been self-employed as a tax consultant for the last five years. His wife is not employed. He filed for bankruptcy in 1998 and 2015.[24] Mr. Day is a "lifelong resident of New Jersey."[25] His wife, a legal permanent resident from Colombia, and two minor age daughters from a prior relationship, mother, and three of his siblings all reside in New Jersey.[26] Mr. Day also has a brother in Florida, and Mr. Day recently traveled to Bermuda. [27] Mr. Day's family and community ties within New Jersey favor release, but his employment, bankruptcy filings, and ties outside the jurisdiction favor detention.

The Government's arguments for detention center primarily on Mr. Day's risk of flight, based on his prior criminal history. Mr. Day's criminal history includes a 2001 conviction for disorderly conduct after being charged with providing false information to law enforcement; a 2004 conviction on charges of wire fraud and false tax returns; and separate 2009 convictions for failing to appear in court and for violating the terms of supervised release.[28] Of particular concern are these last two convictions and the underlying charges.

---

[22] (D.E. 1, Indictment, at ¶ 10).

[23] *See* 18 U.S.C. § 3142(g)(3).

[24] Pretrial Services Report at 3.

[25] Pretrial Services Report at 1.

[26] Pretrial Services Report at 1-2.

[27] Pretrial Services Report at 2.

[28] Pretrial Services Report at 4-5.

On April 22, 2009, Mr. Day was charged with "knowingly and willfully fail[ing] to appear before a court as required by the conditions of release."[29] Thereafter, on June 10, 2009, Mr. Day was charged in an Amended Petition for Violation of Supervised Release with the following six counts:

> 1. The offender has violated the supervision condition which states "The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income."
>
> In October 2005, within Superior Court of New Jersey, Morris County, the offender was awarded $10,000.00 restitution under indictment number 04-10-1243-1. Since the commencement of supervision, Day endorsed four New Jersey Judiciary checks totaling $979.02. He failed to disclose this information to the Probation Office or provide truthful statements regarding this income within corresponding monthly documents.
>
> 2. The offender has violated the supervision condition which states 'You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.' Day failed to submit monthly written reports within the allotted time period for the following months: August 2007, October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, April 2008, May 2008, June 2008, July 2008, August 2008, and September 2008. The offender submitted incomplete and/or untrue information within the following monthly written reports; August 2007, November 2007, December 2007, and January 2008.
>
> 3. The offender has violated the supervision condition which states `You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.'
>
> Since January 2008, despite numerous referrals and without a credible excuse, Day has been unemployed.

---

[29] (*United States v. Brian Day*, 09cr00434(AET) at D.E. 1).

> 4. The offender has violated the supervision condition which states 'You shall notify the probation officer within 72 hours of any change of residence or employment.'
>
> In August 2007 and January 2008, respectively, Day failed to notify the Probation Office regarding a change in employment within the allotted time period.
>
> 5. The offender has violated the supervision condition which states' As a condition of supervision, you are instructed to pay restitution in the amount of $1,588,289.00 to 19 identified victims; it shall be paid in the following manner: monthly installments of no less than $1,000.00.'
>
> Despite a positive cash flow, since the commencement of supervision, the offender satisfied one payment totaling $75.00 towards his restitution obligation. The outstanding balance is $1,586,628.38.
>
> 6. The offender has violated the supervision condition which states 'You shall not commit another federal, state, or local crime.'
>
> On April 7, 2009, Brian Day appeared before the Honorable Garrett E. Brown, Jr. for an Initial Appearance on a Violation of Supervised Release. He pled not guilty and a hearing was scheduled for April 22, 2009. As a condition of release, the Court imposed Home Confinement with electronic monitoring. Day refused to comply with this Court order and otherwise absconded from supervision. Additionally, he failed to appear for the scheduled Revocation Hearing on April 22, 2009. [30]

Mr. Day pled guilty to failing to appear and to the six violations of supervised release on June 10, 2009.[31] Nevertheless, at the August 16, 2017, hearing, Mr. Day denied responsibility for those violations and denied the legitimacy of his guilty pleas. The Court presumes that the Hon. Anne Thompson, U.S.D.J., believed Mr. Day when he pled guilty to the above charges.[32] If Mr. Day is

---

[30] (*United States v. Brian Day*, 03cr00729(AET) at D.E. 54).

[31] (*United States v. Brian Day*, 03cr00729(AET) at D.E. 55; *United States v. Brian Day*, 09cr00434(AET) at D.E. 7).

[32] (*United States v. Brian Day*, 03cr00729(AET) at D.E. 55).

7

suggesting that he was lying or incorrect then, and that the Court should trust him now, that contention gives the Court great concern as to the veracity of Mr. Day's statements. Taken together, Mr. Day's history and characteristics weigh strongly in favor of detention.[33]

Thus, upon consideration of all the factors listed in the Bail Reform Act, for the reasons previously set forth on the record and herein, the Court found that the Government established by a preponderance of the evidence that Mr. Day posed a serious flight risk and that the proposed conditions of release would not reasonably ensure his presence at future proceedings.[34] The Court nonetheless encouraged Mr. Day to propose a more stringent bail package.

Instead, Mr. Day filed the present motion on September 13, 2017.[35] The Government opposed,[36] and Mr. Day replied.[37] The Court held oral argument on October 18, 2017. The Court reserved decision pending review of the parties' supplemental submissions concerning the status of the real property Mr. Day proposed to secure his appearance, which the Court received on October 20, 2017, and October 25, 2017.[38]

---

[33] *See* 18 U.S.C. § 3142(g)(3)(A); *see also United States v. Kisling*, 334 F.3d 734, 734 (8th Cir. 2003)(flight risk based upon disavowal by family, unemployment, lack of assets in the community, evasion of service of process, failure to appear for trial in a domestic violence case, failure to open the door for law enforcement); *Maull*, 773 F.2d at 1482.

[34] (D.E. 19, Order on Mot. for Bond); *see also United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986)(authorizing detention upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute).

[35] (D.E. 20, Def.'s Br.).

[36] (D.E. 21, Pl.'s Opp'n).

[37] (D.E. 22, Def.'s Reply).

[38] (D.E. 24, Pl.'s Suppl. Letter; D.E. 25, Def.'s Suppl. Letter).

As discussed in more detail below, in its supplemental submission, the Government provided the Court with documentation to show that the referenced property in Port Murray, New Jersey "belonging to the Defendant," remains deeded to P.T.S. Financial Services, LLC, and that a Lis Pendens for Foreclosure on the property was recorded on or about September 8, 2017, by Homebridge Financial Services, Inc.[39] A few days later, on October 25, 2017, Mr. Day requested that the Court "disregard the proposed property that was presented for consideration with equity in the sum of over $175,000.00.[40]

## II. LEGAL STANDARDS & ANALYSIS

The Bail Reform Act directs the Court to order pretrial release on personal recognizance or an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."[41] If such terms "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer is directed to consider a number of conditions and to impose the least restrictive to assure appearance and safety.[42]

---

[39] (D.E. 24, Pl.'s Suppl. Letter).

[40] (D.E. 25, Def.'s Suppl. Letter).

[41] 18 U.S.C. § 3142(b).

[42] 18 U.S.C. § 3142(c); *Himler*, 797 F.2d at 159 (quoting 18 U.S.C. § 3142(b), (c)).

This Court has found that the Government established by a preponderance of the evidence that Mr. Day posed a serious flight risk and that the proposed conditions of release would not reasonably ensure his appearance at future proceedings.[43]

**A. Reconsideration**

Motions for reconsideration are governed by Local Rule.[44] Such motions must be filed within 10 days (excluding weekends and holidays) after entry of the disputed order.[45] Mr. Day's motion was filed one month after the disputed Order and is therefore procedurally barred as untimely.[46] Nevertheless, even on the merits Mr. Day's motion lacks merit.

A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked."[47] To prevail, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[48]

---

[43] (D.E. 19, Order).

[44] L. Crim. R. 1.1 incorporates L. Civ. R. 7.1(i). *See e.g., United States v. Merola*, No. CRIM 08-327 SRC MAS, 2008 WL 4449624, at *1 (D.N.J. Sept. 30, 2008).

[45] L. Civ. R. 7.1(i).

[46] *United States v. Bass*, No. CRIM 07-232 SRC, 2007 WL 2416437, at *1 (D.N.J. Aug. 20, 2007).

[47] L. Civ. R. 7.1(i).

[48] *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[49] Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."[50] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[51]

Mr. Day has not argued there are any new facts nor cited to any new controlling law. He has repeated the same arguments made in support of his initial application.[52] Therefore, there is no meritorious basis for reconsideration of the Court's prior Order. As "[r]econsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[53] Mr. Day's motion for reconsideration is **DENIED**.

**B. Bail Modification**

Under the Bail Reform Act, a bail hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the [original bail] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety or any other person and the community.[54]

---

[49] *School Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (citations omitted)(internal quotation marks omitted).

[50] *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

[51] *Gunter v. Township of Lumberton*, No. Civ. 07-4839, 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

[52] (*Compare* D.E. 17, Def.'s Mot. for Bail *with* D.E. 20, Def.'s Mot. for Reconsideration).

[53] *Gunter*, 2012 WL 2522883, at *2.

[54] 18 U.S.C. § 3142(f)(2)(B).

The *Merola* court stated,

> Courts have interpreted this provision strictly, holding that hearings should NOT be reopened if the evidence was available at the time of the hearing. Thus, the definition of "changed circumstances." Section 3142(c)(3) of the Bail Reform Act provides that a judicial officer "may at any time amend the order to impose additional or different conditions of release." This provision should be read in conjunction with 3142(f), as it recognizes "the possibility that a changed situation or new information" may come to the attention of the Court.[55]

Thus, either party may move to modify the conditions for bail or detention if circumstances have changed.[56]

The Court finds that Mr. Day has not presented any new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required."[57] His proposed bail package does not present "new" information and the offer to surrender his passport and purported changes to the deed to his home do not have a sufficiently material bearing on the risk of Mr. Day's flight, in light of Mr. Day's criminal record and the seriousness of the present charges.[58]

With regard to the deed that purportedly transferred title on August 28, 2017, from P.T.S. Financial Services, LLC, a company controlled by Mr. Day, to Mr. Day,[59] the Government argued

---

[55] *United States v. Merola*, No. CRIM 08-327 SRC MAS, 2008 WL 4449624, at *2 (D.N.J. Sept. 30, 2008).

[56] *United States v. Traitz*, 807 F.2d 322, 325 (3d Cir. 1986).

[57] *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

[58] *Id.*

[59] (D.E. 20, Def.'s Br., at 11, 20).

persuasively that there is no record of the purported deed being filed with the Clerk's Office in Morris County or Warren County, according to those Clerk's Offices. On October 20, 2017, the Government filed a supplemental submission showing that the Port Murray home is located in Morris County, and that there is no record of the purported deed with the Morris County Clerk's Office.[60] Moreover, it appears that the Port Murray home is facing foreclosure, according to a *Lis Pendens* for Foreclosure recorded on or about September 8, 2017, by Home Bridge Financial Services, Inc., in the Superior Court of New Jersey, Chancery Division, Morris County."[61]

Mr. Day conceded at oral argument that he does not know whether the deed has been recorded and denied knowledge of any record of foreclosure. Subsequently, on October 25, 2017, Mr. Day requested that the Court "disregard the proposed property that was presented for consideration with equity in the sum of over $175,000.00."[62]

Assuming *arguendo,* that Mr. Day properly owned the Port Murray home and that it were *not* in foreclosure, the Court would nevertheless reject any attempt by Mr. Day to use that property to secure a bond. Pretrial Services has advised the Court that the sum of the outstanding judgments, federal tax liens, and other liens against Mr. Day is in excess of $3,000,000.00. If Mr. Day were to acquire the Port Murray home, the liens would attach and far exceed the home's alleged equity.[63]

---

[60] (D.E. 24, Pl.'s Suppl. Letter).

[61] (D.E. 21, Pl.'s Opp'n, at 2; D.E. 24, Pl.'s Suppl. Letter).

[62] (D.E. 25, Def.'s Suppl. Letter).

[63] N.J.S.A. 2A:26-11 ("judgment in the action shall be a lien on defendant's real estate acquired either before or after the entry thereof.").

Nonetheless, the Bail Reform Act does allow the Court to amend a bail order "at any time to impose additional or different conditions of release."[64] The Government has made clear its intention to oppose any proposed bail package for Mr. Day that "does not … include, at a minimum, home confinement with electronic monitoring."[65] The Court encouraged Mr. Day to propose a more stringent bail package at the conclusion of both hearings, but he has failed to provide such a package. Mr. Day essentially proposed the previously rejected bail package, but now *without* the proposed $150,000.00 secured bond. Accordingly, the Court rejects Mr. Day's more lenient bail package, and Mr. Day's motion to set a bond on his proposed terms of release is **DENIED**.

The Court will, however, consider a bail package, which will reasonably assure Mr. Day's appearance. Pretrial Services' alternate recommendation included terms that would reasonably assure Mr. Day's appearance as modified herein:

1. A $500,000.00 bond fully secured by property approved by Pretrial Services, not waiving the local rule.
2. The defendant shall be released into the third party custody of a person approved in advance by Pretrial Services.
3. Pretrial Services Supervision.
4. Home incarceration, with electronic monitoring: 24 hour lock-down except for medical necessities and court appearances, or other activities specifically approved

---

[64] 18 U.S.C. § 3142(c)(3).

[65] (D.E. 21, Pl.'s Opp'n, at 3).

by the Court. The defendant shall pay all or part of the cost of the monitoring, based on ability to pay as determined by Pretrial Services.

5. For the purpose of location monitoring, the defendant shall install a landline telephone in his residence within 10 days of release, unless waived by Pretrial Services.

6. The defendant is prohibited from possession and/or use of computers or connected devices at any location.

7. By consent of other residents in the home, any computers in the home utilized by other residents shall be approved by Pretrial Services, password protected by a third party custodian approved by Pretrial Services, and subject to search for compliance by Pretrial Services.

8. The defendant shall surrender all passports/travel documents and shall not apply for new travel documents.

9. The defendant's travel is restricted to New Jersey, unless otherwise approved by Pretrial Services.

10. Defendant shall maintain residence with the third-party custodian at a residence approved by Pretrial Services.

11. Defendant shall have no contact with victims or witnesses unless in the presence of counsel.

12. The defendant hereby consents to Pretrial Services' use of electronic detection devices to evaluate the defendant's access to wi-fi connections.

13. Defendant shall remain in custody until he has met all of the conditions above.

The Court finds that a bail package containing these terms would prescribe the least restrictive conditions of release that will reasonably assure Mr. Day's appearance. If Mr. Day seeks to prepare a bail package in accordance with these terms, he should contact his stand-by counsel and Pretrial Services.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Brian Day's motion for reconsideration of the detention order and to set a bond on his proposed terms of release. The Court will consider an alternate bail package that will reasonably assure his appearance as set forth above. The Clerk of the Court shall mail a copy of this Opinion to Mr. Day.

**IT IS SO ORDERED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/13/2017 10:58:39 AM

Original: Clerk of the Court
cc: File